# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARK PHILLIPS and REBECCA PHILLIPS,

    Plaintiffs,

v.

FIRST HORIZON HOME LOAN CORPORATION, et al.,

    Defendants.

3:12-cv-13-RCJ-WGC

**ORDER**

Currently before the Court are motions to dismiss (#5) for failure to state a claim and to expunge the lis pendens (#6) filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Federal National Mortgage Association ("Fannie Mae") (collectively "Defendants"), along with motions filed by Plaintiffs to amend (#11), for partial summary judgment (#12), and to remand (#13). For the following reasons, Plaintiffs' motion to amend (#11) is granted, but Plaintiffs' motions for partial summary judgment (#12) and to remand (#13) are denied. Furthermore, Defendants' motions to dismiss (#5) and expunge lis pendens (#6) are denied as moot.

## BACKGROUND[1]

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Req. for Judicial Notice (#7); Opp'n to Mot. for Summ. J. (#20) at 10-11). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public

On April 11, 2007, Plaintiffs Mark and Rebecca Phillips executed a note in the amount of $266,840 secured by a deed of trust (the "Deed of Trust") to the property located at 2185 Evergreen Park Drive, Reno, Nevada 89521 (the "Property"). (Deed of Trust (#5-2) at 1-2). The Deed of Trust listed First Horizon Home Loan Corporation as lender, Capital Title Company of Nevada as trustee, and MERS as nominee. (*Id.* at 1-2).

Plaintiffs were unable to make the payments due on the loan secured by the Deed of Trust on or about March 2010. (Compl. (#1-1) at 3). Max Default Services Corporation ("Max Default") then recorded a notice of default on July 1, 2010, claiming to be the trustee of the Deed of Trust. (Notice of Default (#5-4)). No evidence however has been presented that Max Default was the duly appointed trustee at the time the notice of default was recorded.

On July 30, 2010, MERS assigned all beneficial interest in the Deed of Trust to Fannie Mae and this assignment was recorded with the Washoe County Recorder on June 10, 2011. (Assignment (#5-3)). James Woodall executed a notice of trustee's sale on November 1, 2011. (Notice of Sale (#20-5)). On November 7, 2011, Fannie Mae executed a substitution of trustee, formally substituting James Woodall, The Mortgage Law Firm, and Max Default as trustees of the Deed of Trust.   (Substitution of Trustee (#20-4)).  Both the substitution of trustee and notice of trustee's sale were then recorded on November 14, 2011. (Substitution of Trustee (#20-4); Notice of Sale (#20-5)). On December 1, 2011, the Property was sold to Fannie Mae in satisfaction of the unpaid debt on the loan, which amounted to $289,472.56. (Deed Upon Sale (#5-5)).

Plaintiffs filed a pro se complaint in Nevada state court on November 28, 2011 against First Horizon Home Loan Corporation, MERS, James Woodall, The Mortgage Law Firm, Max Default, Fannie Mae, and Carmen Rivera.[2] (Compl. (#1-1) at 1). The complaint asserted two causes of action, the first for quiet title and the second for intentional interference with a

---

record under Fed. R. Evid. 201).

[2] Carmen Rivera signed the assignment of the Deed of Trust and is alleged to be a robosigner. (Assignment (#20-3); Compl. (#1-1) at 2).

2

prospective economic advantage. (*Id.* at 8-10). The dispute was then removed to this Court on January 9, 2012 under diversity jurisdiction. (Pet. for Removal (#1) at 2).

Defendants Fannie Mae and MERS filed a motion to dismiss the complaint for failure to state a claim along with a motion to expunge the lis pendens on the Property on January 19, 2012. (Mot. to Dismiss (#5); Mot. to Expunge (#6)). Plaintiffs then filed three motions on January 27, 2012: (1) a motion to amend the complaint; (2) a motion for partial summary judgment; and (3) a motion to remand the action to state court. (Mot. to Amend (#11); Mot. for Partial Summ. J. (#12); Mot. to Remand (#13)). The amended complaint alleges four causes of action, including: (1) quiet title; (2) wrongful foreclosure; (3) negligence; and (4) deceit. (Am. Compl. (#11) at 10-13). The amended complaint further removes First Horizon Home Loan Corporation and Carmen Rivera as defendants.

**DISCUSSION**

**I.   Motion to Remand**

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court, 28 U.S.C. § 1441(a), *i.e.*, if the federal court has original jurisdiction. The party seeking removal bears the burden of establishing jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). If a case is removed and the federal court lacks jurisdiction over the matter, the federal court must remand the case to state court. 28 U.S.C. § 1447(c). The removal statutes are to be construed restrictively and any doubts about the right of removal are resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of different States" (known as diversity jurisdiction). 28 U.S.C. § 1332(a). When the plaintiff seeks declaratory or injunctive relief, the amount in controversy is measured by "the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). A corporation is deemed to be a citizen of its state of incorporation and where its

principal place of business is located. 28 U.S.C. § 1332(c)(1). The citizenship of a natural person is determined by that person's presence (residence) in the state plus an intent to remain there permanently or indefinitely. *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

Plaintiffs do not contend that complete diversity does not exist in this matter and Defendants have adequately shown that Plaintiff is a citizen of Nevada and all defendants are citizens of a state other than Nevada. (*See* Opp'n to Mot. to Remand (#15) at 4). Plaintiffs do however assert that the amount in controversy requirement is not satisfied, arguing that the foreclosure was improper and the cost of redoing the foreclosure is substantially less than $75,000. (Mot. to Remand (#13) at 2). The requested relief Plaintiffs are seeking is for the Court to void the foreclosure sale and a declaration that Fannie Mae is not the true owner of the note. (Compl. (#1-1) at 10; Am. Compl. (#11) at 14). "In cases seeking injunctive relief from a foreclosure sale, the value of the property at issue is the object of the litigation for the purposes of determining the amount in controversy." *Kehoe v. Aurora Loan Servs. LLC*, 2010 WL 4286331, at *4 (D. Nev. 2010). The Property is at least valued at $289,472.56, as that is the amount Fannie Mae paid for it at the foreclosure sale. (Deed Upon Sale (#5-5)). Additionally, the value of the unpaid debt on the note which Plaintiffs claim Fannie Mae has no interest in is $289,472.56. (*Id.*). As both the amount in controversy and complete diversity requirements are satisfied, this Court will exercise jurisdiction over this dispute. Plaintiffs' motion to remand is therefore denied.

**II.   Motion to Amend**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Rule 15 further provides that: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

4

No defendant has yet answered the complaint, Plaintiffs have not yet amended it, and Plaintiffs filed the motion to amend only eight days after Defendants filed a 12(b)(6) motion to dismiss. Plaintiffs therefore have the right to amend the complaint as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(B). Plaintiffs were thus not required to request permission to amend in this matter, but as they have, Plaintiffs' motion to amend is granted.

### III.   Motions to Dismiss and Expunge Lis Pendens

Defendants filed a motion to dismiss the complaint for failure to state a claim and a motion to expunge the lis pendens on the Property on January 19, 2012. (Mot. to Dismiss (#5); Mot. to Expunge (#6)). However, because Plaintiffs have a right to amend their complaint as a matter of course and have done so, these motions are now moot. The original complaint listed only two causes of action: (1) a quiet title claim challenging the validity of the assignment of the Deed of Trust to Fannie Mae and alleging First Horizon Home Loan Corporation was not the source of the funds, and (2) intentional interference with a prospective economic advantage. (Compl. (#1-1) at 8-10). The amended complaint abandons the claim for intentional interference with a prospective economic advantage and adds new claims of wrongful and statutorily defective foreclosure, negligence, and the common law tort of deceit. (Am. Compl. (#11) at 11-13). The amended complaint does reassert the quiet title claim, but bases it upon a claim of wrongful and statutorily defective foreclosure rather than on the grounds asserted in the original complaint. (Am. Compl. (#11) at 10-11). Because the amended complaint adds three new claims, abandons one of the two original claims, and bases the quiet title claim on grounds different from those asserted in the original complaint, the motion to dismiss has been rendered moot by the filing of the amended complaint. Defendants' motions to dismiss and expunge lis pendens are consequently denied as moot.

### IV.   Motion for Partial Summary Judgment

Plaintiffs filed their two-page motion for partial summary judgment on the same day they filed their motion to amend. However, before Plaintiffs may seek summary judgment on their newly amended complaint, they must first effect service of process on all defendants named in the amended complaint in accordance with Fed. R. Civ. P. 4. *See, e.g., Taylor v. Wells*

*Fargo Bank*, 2008 WL 510192, at *1 (D. Neb. 2008) (denying a plaintiff's motion for summary judgment that was filed the same day as an amended complaint until the defendants were properly served and had an opportunity to respond). The motion for partial summary judgment is therefore premature.

Additionally, the motion for partial summary judgment is too vague for the Court to rule upon at this time. Plaintiffs do not specify in their motion for partial summary judgment against which defendants they seek the entry of summary judgment. The motion is also one for only partial summary judgment, but the motion does not identify on which of the four claims Plaintiffs believe they are entitled to summary judgment. For these reasons, Plaintiffs' motion for partial summary judgment is denied without prejudice.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Court GRANTS Plaintiffs' motion to amend (#11).

IT IS FURTHER ORDERED that the Court DENIES Plaintiffs' motions for partial summary judgment (#12) and to remand (#13).

IT IS FURTHER ORDERED that the Court DENIES Defendants' motion to dismiss (#5) and expunge lis pendens (#6) as moot.

DATED: This 3rd day of August, 2012.

_____
United States District Judge