# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARK PHILLIPS et al.,        )<br>                                              )<br>       Plaintiffs,                    )<br>                                              )    3:12-cv-00013-RCJ-WGC<br>       vs.                                 )<br>                                              )<br>FIRST HORIZON HOME LOAN CORP et al.,    )    **ORDER**<br>                                              )<br>       Defendants.              )<br>_____)    | |

This is a residential foreclosure avoidance case removed in diversity from state court. The Complaint listed causes of action for quiet title and intentional interference with prospective economic advantage. Defendants moved to dismiss, and Plaintiffs responded by moving to amend and for summary judgment on the proposed amended complaint. The Court granted leave to amend, denied the motion to dismiss as moot, and denied the motion for summary judgment because the proposed amended complaint had not yet been served upon Defendants. Plaintiffs then filed the Amended Complaint, which lists causes of action for wrongful foreclosure, quiet title, negligence, and fraud. The Court denied cross motions for summary judgment, noting that there was a genuine issue of material fact as to the statutory propriety of the foreclosure such that the quiet title claim could not be summarily adjudicated, but also noting that no common law claim for wrongful foreclosure could lie because there was no genuine issue of material fact as to default.

1    Two motions are pending before the Court.  First, Plaintiffs ask the Court to reconsider
2  denial of their motion for summary judgment.  Plaintiffs argue that the Court incorrectly relied on
3  *Gomez v. Countrywide Bank, FSB*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650 (D. Nev.
4  Oct. 26, 2009) in ruling that no claim could lie for wrongful foreclosure where there was a
5  default because *Gomez* is not authoritative.  *Gomez*, however, relies on the authoritative case
6  from the Nevada Supreme Court. *See* 2009 WL 3617650, at *7 (quoting *Collins v. Union Fed.
7  Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) ("An action for the tort of wrongful
8  foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was
9  exercised or the foreclosure occurred, no breach of condition or failure of performance
10 existed . . . .")).  The Court denies the motion to reconsider.[1]

11    Second, Defendants ask the Court for an order voiding the Trustee's Deed Upon Sale
12 recorded on December 12, 2011 as document no. 4065705 in the Washoe County Recorder's
13 Office.  Defendants argue that such a rescission requires an order form the Court. *See* Nev. Rev.
14 State. § 107.080(5)(a).  The statute, however, does not require a court order for a party to rescind
15 a trustee's sale on its own volition.  Rather, the statute simply mandates that a court with
16 jurisdiction over such a dispute must declare a trustee's sale under section 107.080 void if the
17 trustee or other authorized seller has not substantially complied with the requirements of section
18 107.080. *See id.* § 107.080(5), (5)(a).  In other words, Defendants appear via the present motion
19 to offer to enter into a consent judgment to the effect that the foreclosure was statutorily
20 improper.  But such a finding would require additional remedies beyond the mere rescission to
21 which Defendants consent; the Court must also under the statute award damages of $5000 or

---

[1] The Court also disagrees with Defendants' contention in the Response that the potentially defective Appointment of Successor Trustee (the "Substitution") was effective as of the date typed thereupon, June 28, 2010. (*See* Substitution, ECF No. 40-5, at 8).  Although that would be the case if the signatory had previously signed the document and later appeared before the notary to acknowledge her signature, in this case the notary's jurat clearly states that the signatory appeared before her and signed on July 8, 2010.

treble actual damages, whichever is greater, plus fees and costs, plus an injunction against sale until the requirements of subsections (2)–(4) of section 107.080 are complied with. *See id.* § 107.080(7)(a)–(c). The Court therefore denies Defendants' motion, as the Court cannot simply void the trustee's sale without also awarding damages, fees, costs, and an injunction, remedies to which Defendants do not clearly consent via their present motion. The Court can only avoid these additional rulings under state law if the parties enter into a settlement agreement so stipulating.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 51) and the Motion to Rescind (ECF No. 62) are DENIED.

IT IS SO ORDERED.

Dated this 9th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge