# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARK PHILLIPS et al., ) | |
| Plaintiffs, ) | |
| ) | 3:12-cv-00013-RCJ-WGC |
| vs. ) | |
| ) | |
| FIRST HORIZON HOME LOAN CORP et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This is a residential foreclosure avoidance case removed in diversity from state court. The Complaint listed causes of action for quiet title and intentional interference with prospective economic advantage. Defendants moved to dismiss, and Plaintiffs responded by moving to amend and for summary judgment on the proposed amended complaint. The Court granted leave to amend, denied the motion to dismiss as moot, and denied the motion for summary judgment because the proposed amended complaint had not yet been served upon Defendants. Plaintiffs then filed the Amended Complaint, which lists causes of action for wrongful foreclosure, quiet title, negligence, and fraud. The Court denied cross motions for summary judgment, noting that there was a genuine issue of material fact as to the statutory propriety of the foreclosure such that the quiet title claim could not be summarily adjudicated, but also noting that no common law claim for wrongful foreclosure could lie because there was no genuine issue of material fact as to default.

The Court denied a motion to reconsider denial of Plaintiffs' motion for summary judgment. The Court also denied Defendants' motion for an order voiding the Trustee's Deed Upon Sale. The Court noted that the state statute did not require a court order for a party to rescind a trustee's sale on its own volition, and that insofar as Defendants appeared to offer to enter into a consent judgment to the effect that the foreclosure was statutorily improper, such a finding would require additional remedies beyond the mere rescission to which Defendants appeared to consent, additional rulings that the Court under state law could only avoid if the parties entered into a settlement agreement so stipulating. There was no evidence Plaintiffs had agreed to withdraw the section 107.080 claim, which provides for statutory damages and injunctive relief.

Defendants have now moved for summary judgment, arguing that the additional statutory remedies do not apply in this case because the Notice of Default was filed before October 1, 2011. The Court agrees.

There is a state statutory right to damages, costs, fees, and injunctive relief against an entity that forecloses improperly:

> If, in an action brought by the grantor or the person who holds title of record in the district court in and for the county in which the real property is located, the court finds that the beneficiary, the successor in interest of the beneficiary or the trustee did not comply with any requirement of subsection 2, 3 or 4, the court must award to the grantor or the person who holds title of record:
>
> (a) Damages of $5,000 or treble the amount of actual damages, whichever is greater;
>
> (b) An injunction enjoining the exercise of the power of sale until the beneficiary, the successor in interest of the beneficiary or the trustee complies with the requirements of subsections 2, 3 and 4; and
>
> (c) Reasonable attorney's fees and costs,
>
> unless the court finds good cause for a different award. The remedy provided in this subsection is in addition to the remedy provided in subsection 5.

Nev. Rev. Stat. § 107.080(7). These remedies are not only available, they are mandatory ("the

court *must* award") if the beneficiary or trustee "did not comply with *any* requirement of subsection 2, 3 or 4 . . . ." *Id.* (emphases added).  The Court previously ruled there was a genuine issue of material fact that the foreclosing trustee, Max Default, was not made the trustee until after it filed the Notice of Default. (*See* Order 5–6, Mar. 25, 2013, ECF No. 49; Order 2 n.1, July 7, 2013, ECF No. 63).  It also appeared that Fannie Mae had not been assigned the Deed of Trust until after it purported to substitute Max Default. (*See* Order 6–7, Mar. 25, 2013).  There were additional problems with the later attempt at foreclosure. (*See id.* 7).  A voluntary rescission of the sale would only obviate the remedy available in subsection 5. *See id.* § 107.080(5), (5)(a) ("A sale made pursuant to this section must be declared void by any court of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087").  The remedies available under subsection 7, however, are "in addition to the remedy provided in subsection 5," and they are mandatory. *Id.* § 107.080(7).

But Defendants are correct that the additional remedies created by § 9 of Assembly Bill 284, as amended by Assembly Bill 273, depend upon the notice of default having been recorded on or after October 1, 2011.  Because the Notice of Default in this case was recorded on July 1, 2010, (*see* Notice of Default, July 1, 2010, ECF No. 40-5, at 4), Defendants are correct that the additional remedies do not apply and that the only remedy available is avoidance of the trustee's sale.  The Court therefore grants summary judgment on the quiet title claim but will not enter judgment in favor of Defendants unless and until they file proof that the Trustee's Deed has been reconveyed to the trustee in trust for Plaintiffs, subject, of course, to the Deed of Trust, or that the purchaser has quitclaimed any interest in the Property.

As to the remaining claims, there is, again, no common law wrongful foreclosure where there is a default.  The negligence and fraud claims fail as a matter of law for reasons given in substantially identical cases.  There is no cognizable harm alleged as to negligence, only

economic harm under the relevant contractual documents and the statutory remedies, and no fraud is sufficiently pled. The Court grants summary judgment on these claims. The Court makes no ruling as to attorney's fees or costs in the present Order.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 66) is GRANTED.

IT IS SO ORDERED.

Dated this 17th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge