# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARK PHILLIPS et al.,        )<br>                              )<br>        Plaintiffs,          )<br>                              )        3:12-cv-00013-RCJ-WGC<br>    vs.                       )<br>                              )<br>FIRST HORIZON HOME LOAN CORP et al.,  )        **ORDER**<br>                              )<br>        Defendants.           )<br>_____) | |

This is a residential foreclosure avoidance case removed in diversity from state court. The Complaint listed causes of action for quiet title and intentional interference with prospective economic advantage. Defendants moved to dismiss, and Plaintiffs responded by moving to amend and for summary judgment on the proposed amended complaint. The Court granted leave to amend, denied the motion to dismiss as moot, and denied the motion for summary judgment because the proposed amended complaint had not yet been served upon Defendants. Plaintiffs then filed the Amended Complaint, which lists causes of action for wrongful foreclosure, quiet title, negligence, and fraud. The Court denied cross motions for summary judgment, noting that there was a genuine issue of material fact as to the statutory propriety of the foreclosure such that the quiet title claim could not be summarily adjudicated, but also noting that no common law claim for wrongful foreclosure could lie because there was no genuine issue of material fact as to default.

1    The Court denied a motion to reconsider denial of Plaintiffs' motion for summary
2 judgment. The Court also denied Defendants' motion for an order voiding the Trustee's Deed
3 Upon Sale. The Court noted that the state statute did not require a court order for a party to
4 rescind a trustee's sale on its own volition, and that insofar as Defendants appeared to offer to
5 enter into a consent judgment to the effect that the foreclosure was statutorily improper, such a
6 finding would require additional remedies beyond the mere rescission to which Defendants
7 appeared to consent, additional rulings that the Court under state law could only avoid if the
8 parties entered into a settlement agreement so stipulating. There was no evidence Plaintiffs had
9 agreed to withdraw the section 107.080 claim, which provides for statutory damages and
10 injunctive relief.
11    Defendants then moved for summary judgment, noting that the additional statutory
12 remedies do not apply in this case because the Notice of Default was filed before October 1,
13 2011. The Court agreed and therefore granted summary judgment but has not yet entered
14 judgment. In granting summary judgment, the Court explicitly noted that it would not enter
15 judgment in favor of Defendants "unless and until they file proof that the Trustee's Deed has
16 been reconveyed to the trustee in trust for Plaintiffs, subject, of course, to the Deed of Trust, or
17 that the purchaser has quitclaimed any interest in the Property." The Court put this condition
18 upon the entry of judgment because although the statutory penalties are not available in this case,
19 statutory avoidance of the potentially improper foreclosure is available, although that remedy will
20 be moot if Defendants get the purchaser to reconvey the Trustee's Deed or quitclaim the Property
21 to Plaintiffs, which they appear to be willing to do. But unless and until this happens, Plaintiffs
22 may continue to prosecute the quiet title claim to trial. Plaintiffs indicate that Defendants have
23 promised to reconvey the title and that they would be willing to dismiss the remaining claim if
24 Defendants do so, but the Court will not order Defendants to do so at this time. Plaintiffs may
25 either settle with Defendants, if they can, or continue to prosecute the quiet title claim by

1  proceeding to trial.¹  Defendants may either reconvey the title or choose to defend at trial.

2       Plaintiffs have asked the Court to reconsider its last order granting partial summary
3  judgment.  Plaintiffs first argue that the foreclosure was statutorily improper, because, as the
4  Court has noted, it appears that the party that filed the notice of default had not yet been
5  substituted as the trustee.  The Court denies the motion, because there is nothing to reconsider.
6  The Court has never granted summary judgment as to the quiet title claim, which remains for
7  trial.  As far as Plaintiffs' request for sanctions based upon Defendants' alleged bad faith in
8  foreclosure, that is a question of punitive damages for trial, which will be a bench trial, as there
9  appears to be no jury demand in this case.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 74) is DENIED.

IT IS SO ORDERED.

Dated this 7th day of November, 2013.

_____
ROBERT C. JONES
United States District Judge

---

¹Discovery closed in June, and dispositive motions were due in July. (*See* Am. Sched. Order, Apr. 25, 2013, ECF No. 55).  A proposed joint pretrial order was due in August, (*see id.*), but no party appears to have filed one.  Plaintiffs risk a dismissal for failure to prosecute if they do not press the remaining claim to trial.