1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8

MARK PHILLIPS et al.,                      )
9                                          )
                 Plaintiffs,               )
10                                         )        3:12-cv-00013-RCJ-WGC
         vs.                               )
11                                         )
FIRST HORIZON HOME LOAN CORP et al.,       )            **ORDER**
12                                         )
                 Defendants.               )
13                                         )
    _____      )

14          This is a residential foreclosure avoidance case removed in diversity from state court.

15  The Complaint listed causes of action for quiet title and intentional interference with prospective

16  economic advantage.  Defendants moved to dismiss, and Plaintiffs responded by moving to

17  amend and for offensive summary judgment on the proposed amended complaint.  The Court

18  granted leave to amend, denied the motion to dismiss as moot, and denied the motion for

19  offensive summary judgment because the proposed amended complaint had not yet been served

20  upon Defendants.  Plaintiffs then filed the First Amended Complaint ("FAC"), which lists causes

21  of action for wrongful foreclosure, quiet title, negligence, and fraud.  The Court denied cross

22  motions for summary judgment on the FAC, noting that there was a genuine issue of material

23  fact as to the statutory propriety of the foreclosure such that the quiet title claim could not be

24  summarily adjudicated, but also noting that no common law claim for wrongful foreclosure could

25  lie because there was no genuine issue of material fact as to default.

1   The Court denied a motion to reconsider its denial of Plaintiffs' motion for summary

2   judgment.  The Court also denied Defendants' motion for an order voiding the Trustee's Deed

3   Upon Sale.  The Court noted that the state statute did not require a court order for a party to

4   rescind a trustee's sale on its own volition, and that insofar as Defendants appeared to offer to

5   enter into a consent judgment to the effect that the foreclosure was statutorily improper, such a

6   finding would require additional remedies beyond the mere rescission to which Defendants

7   appeared to consent, additional rulings that the Court under state law could only avoid if the

8   parties entered into a settlement agreement so stipulating.  There was no evidence Plaintiffs had

9   agreed to withdraw the section 107.080 claim, which provides for statutory damages and

10   injunctive relief.

11   Defendants then moved for summary judgment, noting that the additional statutory

12   remedies do not apply in this case because the Notice of Default was filed before October 1,

13   2011.  The Court agreed and therefore granted summary judgment but has not yet entered

14   judgment.  In granting summary judgment, the Court explicitly noted that it would not enter

15   judgment in favor of Defendants "unless and until they file proof that the Trustee's Deed has

16   been reconveyed to the trustee in trust for Plaintiffs, subject, of course, to the Deed of Trust, or

17   that the purchaser has quitclaimed any interest in the Property."  The Court put this condition

18   upon the entry of judgment because although the statutory penalties are not available in this case,

19   statutory avoidance of the potentially improper foreclosure is available, although that remedy will

20   be moot if Defendants get the purchaser to reconvey the Trustee's Deed or quitclaim the Property

21   to Plaintiffs, which they appear to be willing to do.  But unless and until this happens, Plaintiffs

22   may continue to prosecute the quiet title claim to trial.  Plaintiffs indicated that Defendants had

23   promised to reconvey the title and that they would be willing to dismiss the remaining claim if

24   Defendants did so, but the Court refused to order Defendants to do so, noting that Plaintiffs could

25   either settle with Defendants, if they could, or continue to prosecute the quiet title claim by

proceeding to trial, and that Defendants could either reconvey the title or choose to defend at trial.  The Court also noted that discovery had closed in June 2013, that dispositive motions were due in July 2013, that no party had filed the proposed joint pretrial order that was due in August 2013, and that Plaintiffs risked a dismissal for failure to prosecute if they did not press the remaining claim to trial.

Plaintiffs asked the Court to reconsider the order granting partial summary judgment. Plaintiffs argued that the foreclosure was statutorily improper, because, as the Court had noted, it appeared that the party who filed the notice of default had not yet been substituted as the trustee. The Court denied the motion, because there was nothing to reconsider.  The Court had never granted summary judgment as to the quiet title claim, which remains for trial.

Plaintiffs then associated counsel and moved to amend again, attaching an eighty-eight-page proposed second amended complaint.  The Court denied the motion because discovery had closed, the case was (an remains) ripe for trial, and the motion suggested no supplementary claims but only an additional reason why the statutory foreclosure claim should succeed, a reason that Plaintiffs may not argue in the present civil case.  More specifically, the motion recounted that the primary disputed issue remains the statutory propriety of the foreclosure, i.e., whether the foreclosure was improper because the foreclosing trustee had not yet been substituted as trustee. The motion noted only one additional issue: an alleged irregularity in the Bankruptcy Court as to the lift of the automatic stay on the Property.  The Court ruled that amendment to add those allegations would be futile.  Plaintiffs' argument was that because Defendants had attached a copy of the deed of trust containing a scrivener's error to their motion to lift the automatic stay in the Bankruptcy Court, that the Bankruptcy Court's lift of the stay based thereupon was void *ab initio*.  The Court noted that it had no jurisdiction to rule in the present case based upon any perception of error in the Bankruptcy Court.  The present case is here on removal in diversity, not on appeal from the bankruptcy court, and the district court has no original jurisdiction to hear

1   claims under 11 U.S.C. § 362(k).  The Court noted that Plaintiffs were collaterally estopped from

2   relitigating the propriety of the lift-stay order here.  Plaintiffs would have to obtain relief from

3   judgment in the bankruptcy court if they wished to argue here that the lift-stay order was

4   ineffective, and presumably such a ruling would require reopening the bankruptcy estate for

5   further proceedings.  Unless and until the bankruptcy court (or an appropriate appellate court)

6   relieves Plaintiffs from that order, however, the issue is precluded from relitigation in any other

7   court.

8         Plaintiffs have now filed another motion to amend, this time simply to add as a defendant

9   Seterus, Inc.  Plaintiffs argue that Seterus is a necessary party under Rule 19(a) because is was

10  the attorney-in-fact for Fannie Mae who executed the Substitution of trustee that substituted Max

11  Default as trustee.  Plaintiffs note that the alleged statutory impropriety of the foreclosure may

12  turn upon the timing of that Substitution.  The Court denies the motion.  Seterus is not a

13  necessary party because it is not alleged to claim any interest in the subject matter of the lawsuit,

14  i.e., the Property, and the Court can afford complete relief in this case without the joinder of

15  Seterus.  At most, Seterus might have been an appropriate target of a claim under Chapter 107,

16  along with other Defendants, if monetary damages were available thereunder in this case.

17        Finally, Defendants have asked the Court to enter judgment because they have provided

18  proof that the trustee's deed upon sale has been rescinded.  (*See* Notice of Rescission of Trustee's

19  Deed, Oct. 17, 2013, ECF No. 85-1, at 3).  The Court will therefore order Plaintiffs to show

20  cause why judgment should not be entered in favor of Defendants.

21  ///

22  ///

23  ///

24  ///

25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 86) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs shall show cause within fourteen (14) days of the entry of this Order into the electronic docket why judgment should not be entered in favor of Defendants on the remaining claim for quiet title.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge